IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                                              **No. CR 13-0431 RB**

**MANUEL PAULINO ALVAREZ-VALDEZ,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion in Limine to Exclude Irrelevant Evidence. (Doc. 20). Having considered the arguments and submissions of counsel, relevant law, and otherwise being fully advised, the Court grants this Motion.

**I.     Background**

Defendant is charged with: (1) importation of marijuana and aiding and abetting; and (2) possession with intent to distribute 100 kilograms and more of marijuana and aiding and abetting. (Doc. 10). On November 20, 2012, the defendant drove a white Chevrolet pickup truck loaded with approximately 189.9 kilograms of marijuana into the Santa Teresa, New Mexico, Port of Entry. (Doc. 1). The marijuana was concealed under the bed and passenger compartment of the truck. (*Id.*) The matter is set for trial on June 17, 2013.

Plaintiff moves to exclude evidence regarding the Prosecution Guidelines of the United States Attorney's Office for the District of New Mexico or the exercise of prosecutorial discretion. Defendant responds that he has a right to cross examine Plaintiff's expert witness about the basis of his testimony and proffer evidence that rebuts such testimony.

## II.   Discussion

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. In other words, "proffered evidence must, at minimum, advance the inquiry of some consequential fact to be considered relevant and admissible." *United States v. Oldbear*, 568 F.3d 814, 820 (10th Cir. 2009). Evidence that is not relevant is not admissible. *See* FED. R. EVID. 402. Evidence concerning the Prosecution Guidelines of the United States Attorney's Office for the District of New Mexico or the exercise of prosecutorial discretion would not be relevant to any element of the charges in this matter. In the event such information may become relevant during trial, Defendant may request reconsideration of this ruling outside the presence of the jury.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion in Limine to Exclude Irrelevant Evidence is **GRANTED.**

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**