IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                                    **No. CR 13-0431 RB**

**MANUEL PAULINO ALVAREZ-VALDEZ,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's Motion in Limine to Exclude or Limit Testimony of DEA Special Agent Magnus Lundvall. (Doc. 25). Having considered the arguments and submissions of counsel, relevant law, and otherwise being fully advised, the Court denies the Motion, subject to certain caveats stated herein.

**I.    Background**

Defendant is charged with: (1) importation of marijuana and aiding and abetting; and (2) possession with intent to distribute 100 kilograms and more of marijuana and aiding and abetting. (Doc. 10). On November 20, 2012, the defendant drove a white Chevrolet pickup truck loaded with approximately 189.9 kilograms of marijuana into the Santa Teresa, New Mexico, Port of Entry. (Doc. 1). The marijuana was concealed under the bed and passenger compartment of the truck. (*Id*.) This matter is set for trial on June 17, 2013.

On March 13, 2013, May 30, 2013, and June 10, 2013, Plaintiff filed notices of intent to offer the testimony of Drug Enforcement Administration (DEA) Special Agent Magnus Lundvall as an expert. The most recent disclosure states that Special Agent Lundvall will testify that:

> (1) The drug quantity seized in this case, approximately 189 kilograms of marijuana, is consistent with the intent to distribute, rather than an amount that would be for

personal use;

(2) The marijuana seized in this case is valued at approximately $250 to $300 per pound in the border area, which makes the total load of marijuana found in the vehicle driven by the defendant worth approximately $104,500 to $125,400;

(3) Marijuana that is smuggled through a port of entry is typically transported to a hub city for retail distribution;

(4) The value of marijuana increases dramatically as the drugs move away from the border area. For example, the value of marijuana in Chicago, Illinois, is approximately $500 to $1,000 per pound;

(5) The packaging and concealment of the drugs in this case manifests a sophisticated marijuana trafficking scheme, involving the coordinated efforts of several different persons, including those who grow the marijuana, harvest the marijuana, package the marijuana, sell the marijuana, buy the marijuana, arrange for transportation of the marijuana, load the marijuana, transport the marijuana, unload the marijuana, and distribute the marijuana;

(6) Individuals involved in trafficking marijuana compartmentalize their roles to protect themselves from being exposed to law enforcement interdiction efforts; and,

(7) Individuals who transport marijuana across the United States/Mexico international border are at great risk of being caught. As a result, these individuals are typically shielded off from the other operations of the marijuana trafficking scheme.

(Doc. 32.)

Plaintiff disclosed a curriculum vitae for Special Agent Lundvall showing that he has been a DEA Special Agent since 2008, and that he was a Police Agent with the Lakewood Police Department in Lakewood, Colorado, from 2002 to 2008. (Doc. 32.) Special Agent Lundvall holds a bachelor's degree in Psychology and completed nine sessions of specialized law enforcement training, ranging from the Lakewood Police Academy to Field Agent Training at the DEA Training Academy in Quantico, Virginia. (*Id*.)

Defendant objects to Agent Lundvall's testimony on the grounds that the notice does not supply sufficient information about the agent's qualifications or the basis for his proposed opinions

about marijuana trafficking organizations. (Doc. 25). Additionally, other than his testimony regarding the estimated value of the marijuana on the border (to which Defendant does not object), his testimony regarding the operations of marijuana trafficking organizations should be excluded as irrelevant to the issues in this case, unhelpful to the jury, and unfairly prejudicial. (*Id*.) After the filing of the motion, Plaintiff filed a Supplemental Notice of Expert Witness Testimony and included Special Agent Lundvall's curriculum vitae. (Docs. 32 & 32-1). Plaintiff responds that the testimony is reliable and relevant under Tenth Circuit law, Special Agent Lundvall will not testify as to whether Defendant had knowledge of the marijuana, and the testimony should not be excluded under Federal Rule of Evidence 403. (Doc. 32).

## II.    Discussion

Exclusion of expert testimony is the exception, not the rule. *See* Advisory Committee Notes concerning the amendment to Rule 702 (noting that "a review of the case law after *Daubert*[1] shows that the rejection of expert testimony is the exception rather than the rule."). The Tenth Circuit has "routinely upheld the admission of expert testimony from law enforcement officers seeking to identify for the jury typical indicia of drug trafficking activity." *United States v. Lovern*, 590 F.3d 1095, 1102 (10th Cir. 2009); *see also United States v. Quintana*, 70 F.3d 1167, 1170-71 (10th Cir. 1995) (meaning of drug code); *United States v. Sturmoski*, 971 F.2d 452, 459 (10th Cir. 1992) (tools of the drug trade); *United States v. McDonald*, 933 F.2d 1519, 1520-23 (10th Cir. 1991) (significance of quantity of cocaine, tools of drug trade, and use of food stamps to purchase crack cocaine); *United States v. Harris*, 903 F.2d 770, 775-76 (10th Cir. 1990) (drug records). Accordingly, this Court generally allows law enforcement agents to testify as to the significance of

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

drug quantity, the monetary value of drugs, and the workings of drug distribution organizations, but not concerning any conclusion that an individual qualifies as a participant in drug-related conduct.

The *Daubert* Court listed four factors relevant to assessing reliability: (1) whether the theory has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error associated with the theory; and (4) whether the theory has attained widespread or general acceptance. *Daubert,* at 592–94. Defendant relies primarily on these factors to argue that Special Agent Lundvall's testimony is neither sufficiently reliable nor relevant. The Court finds that Defendant's arguments do not form a basis for excluding the challenged testimony. In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court emphasized that the four *Daubert* factors are not a "definitive checklist or test" and that a court's inquiry into reliability must be "tied to the facts of a particular case." *Id.* at 150. In some cases, "the relevant reliability concerns may focus upon personal knowledge or experience," rather than on the *Daubert* factors and scientific foundations. *Id.; see also Bitler v. A.O. Smith Corp.,* 400 F.3d 1227, 1235 (10th Cir. 2004). The Supreme Court held that a district court has "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire,* 526 U.S. at 152.

In light of *Kumho* and its progeny, *Daubert* requires that an expert possess "such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation." *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004). Special Agent Lundvall qualifies as an expert under this standard. He has served as a law enforcement officer for over ten years, including approximately six years as a police officer in

4

Lakewood, Colorado, and approximately five years as a DEA special agent. During the course of his career, Special Agent Lundvall has received specialized training and he has personally participated in narcotics investigations. Based on the information contained in the record, Special Agent Lundvall is qualified to testify as an expert and his testimony is sufficiently reliable concerning the topics identified in Plaintiff's notice of June 10, 2013.

The proffered testimony is relevant to the issue of knowledge. The Tenth Circuit has held the "evidence of the value of the seized marijuana was relevant to [defendant's] knowledge of the drugs' presence, in that the expert testimony would have at least a 'tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " *United States v. Rodriguez,* 192 F.3d 946, 949 (10th Cir. 1999). Therefore, Special Agent Lundvall's testimony is relevant under Tenth Circuit precedent.

The fact that Agent Lundvall may have personal knowledge of the facts, or that some of his testimony may fall within Rule 701, is not disqualifying. *See United States v. Caballero*, 277 F.3d 1235, 1247 (10th Cir. 2002) ("[b]oth Rules 701 and 702 distinguish between expert and lay testimony, not between expert and lay witnesses . . . it is possible for the same witness to provide both lay and expert testimony in a single case."). The significance of this distinction is underscored by Federal Rule of Evidence 704, which provides:

> (a) Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.
>
> (b) No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

FED. R. EVID. 704(b).

"Rule 704(b) only prevents experts from expressly stating the final conclusion or inference as to a defendant's actual mental state. The rule does not prevent the expert from testifying as to facts or opinions from which the jury could conclude or infer the defendant had the requisite mental state." *United States v. Richard*, 969 F.2d 849, 854-55 (10th Cir. 1992). So long as Special Agent Lundvall's testimony consists of facts or opinions from which the jury could conclude or infer that Defendant had the requisite mental state, and does not make that inference or conclusion for the jury, his testimony would not violate Rule 704(b). *Id*. Specifically, Special Agent Lundvall may testify as to the significance of the quantity of the marijuana, the value of the marijuana near the border and the increased values in major cities distant from the border, and operations of marijuana trafficking organizations in general. However, Special Agent Lundvall may not make an inference or reach a conclusion as to whether Defendant qualifies as a participant in a drug distribution organization or scheme or whether he had knowledge of the marijuana.

Defendant also challenges the testimony of Special Agent Lundvall under Federal Rule of Evidence 403, which provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." FED. R. EVID. 403. Such circumstances arise when the proffered evidence suggests to the jury that it should render its findings on an improper basis, such as emotion, or when "circumstantial evidence would tend to sidetrack the jury into consideration of factual disputes only tangentially related to the facts at issue in the current case." *United States v. Jordan,* 485 F.3d 1214, 1218 (10th Cir. 2007) (quotation omitted). Because the danger of unfair prejudice to Defendant does not substantially outweigh the probative value of Special Agent Lundvall's

6

proffered expert testimony, the Court will not exclude this evidence under Rule 403. *See* FED. R. EVID. 403. However, the Court is sensitive to the fact that Special Agent Lundvall has direct knowledge of this case. Counsel for Plaintiff is reminded to be vigilant that Special Agent Lundvall's testimony does not stray from the scope of his expertise and usurp the role of the jury.

Defendant requests a *Daubert* hearing. In *Daubert*, the Supreme Court required district courts to perform a gate-keeping role to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. While a *Daubert* hearing is a commonly-accepted method of performing the court's "gate-keeping" function, it is not required. *United States v. Charley,* 189 F.3d 1251, 1266 (10th Cir. 1999) (district court is granted great latitude in "deciding whether to hold a formal hearing."). In this case, a *Daubert* hearing is unnecessary as the proffered expert testimony does not present any new scientific theory and the methodologies are neither complex nor unusual. Under these circumstances, the Court declines to hold a *Daubert* hearing.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion in Limine to Exclude or Limit Testimony of DEA Special Agent Magnus Lundvall is **DENIED**, subject to the considerations stated herein.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**